RICHARD H. GRETEN, AGENT FOR SISCO DAIRY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PASSAIC-BERGEN BOTTLE CO., DEFENDANT-RESPONDENT.

Submitted October 3, 1939—Decided January 2, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Melosh, Morten & Melosh* (*Louis G. Morlen,* of counsel).

For the respondent, *Winne & Banta.*

The opinion of the court was delivered by

HEHER, J. Plaintiff sued out a writ of replevin. Defendant moved to strike out the state of demand and dismiss the writ on the ground of lack of jurisdiction of the subject-matter; and plaintiff countered with a motion for leave "to make such amendments to the process and pleadings * * * as he may be advised are necessary or advisable in order to meet the objection thereto made by the defendant that no

venue was laid therein," and "to amend the process and the pleadings * * * by annexing thereto a copy of his appointment as agent of the plaintiff, * * * in order to meet the objections of the defendant that the pleadings fail to disclose any right to possession in plaintiff."

The District Court judge, by order entered on April 18th, 1939, quashed the writ and dismissed the state of demand, and directed the issuance of "a writ of inquiry * * * to ascertain the value of the goods and chattels and the damages of the defendant;" and, by order entered on May 18th ensuing, he denied plaintiff's application for leave to amend, and ordered "judgment final" in favor of defendant, "pursuant to the determination" embodied in the order first mentioned. Plaintiff has taken separate appeals from these orders, and from the final judgment so entered.

The first ground urged in support of the point of lack of jurisdiction is that "neither the state of demand nor the writ of replevin disclosed where the goods or chattels, subject of the replevin action, were located." It is well taken.

Neither the writ nor the state of demand makes such disclosure. The case is ruled in this respect by *Resnick* v. *Jefferson Holding and Building Corp.*, 14 *N. J. Mis. R.* 875. where this court, in dealing with a similar situation, held that the action should have been dismissed for lack of jurisdiction. The statute bestows jurisdiction upon the District Court of the county "where the goods or chattels may be * * *." *R. S.* 1937, 2:32-279.

But plaintiff maintains that, even so, there was error in the denial of his motion to make such amendment as would cure this jurisdictional lack and "meet" defendant's "objections" to the pleadings respecting the right of possession. We do not think so.

Such amendments are within the sound discretion of the court. *Harris* v. *Roth*, 6 *N. J. Mis. R.* 1006. And we are not of the view that in the circumstances here presented the denial of this motion constituted an abuse of discretion. The action was brought, not by the claimant of the goods, Sisco Dairy Co., Inc., but by the plaintiff, claiming to be its duly authorized agent; and neither the writ nor the state of demand

alleged the right of possession to be in the plaintiff. The writ states that the goods are "the property of Sisco Dairy Co., Inc.," while the state of demand, making the like allegation, also avers that defendant "refuses to deliver" the goods "to the said Sisco Dairy Co., Inc., a corporation of the State of New Jersey, although plaintiff has made demand for the same." There is no occasion to consider the question of the plaintiff-agent's capacity to sue. Assuming he had the requisite status, it is not explained why this action, dependent as it was on the right of possession, was instituted by a professed agent of the owner asserting the possessory right, without any show of authority for so doing, especially where the principal was a New Jersey corporation doing business in this state. Then, too, there was entered on plaintiff's motion, an order amending the writ of replevin so as to permit the taking of additional property, in connection with which another bond was given; and there is serious question as to whether the value of all the chattels does not exceed the jurisdictional amount. In this situation, we do not feel justified in characterizing this judicial action as an abuse of discretion.

The judgment is accordingly affirmed, with costs.